**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DAVID ADAMS AND SHELLEY ADAMS** | ) | |
| **INDIVIDUALLY AND ON BEHALF OF** | ) | |
| **THEIR MINOR CHILDREN, C.A. AND R.A.** | ) | **CASE NO.** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| **ALLIED TRUST INSURANCE COMPANY** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiffs, **DAVID ADAMS,**

**AND SHELLEY ADAMS**, individually and as the natural tutors of their minor children, **C.A.**

and **R.A.**, who respectfully represent the following, to wit:

## PARTIES

1.

The parties herein are:

Plaintiff **DAVID ADAMS** is a natural person of the full age of majority who is domiciled

in St. Charles Parish, Louisiana;

Plaintiff **SHELLEY ADAMS** is a natural person of the full age of majority who is

domiciled in St. Charles Parish, Louisiana;

That **DAVID ADAMS AND SHELLEY ADAMS** are the natural parents of **C.A.** and

**R.A.** and share parental authority over the children. No other persons exert parental authority over

the children. As such, both are proper parties with the capacity to assert the claims of their minor

children pursuant to La. C. C. P. art. 683. Further, pursuant to La. C. C. P. art. 4061.1, **DAVID**

**ADAMS AND SHELLEY ADAMS**, the surviving parents of the minor children, may file this

action without the necessity of qualifying as a tutor pursuant to Article 4061 and without filing a petition for tutorship pursuant to Article 4031;

Made defendant herein is **ALLIED TRUST INSURANCE COMPANY (**hereinafter **"ALLIED TRUST", "**Defendant"**)**, a foreign insurance company authorized to do and doing business in the State of Louisiana that can be served through the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

Upon information and belief, defendant **ALLIED TRUST** is a Texas corporation with its principal place of business in Houston, Texas. Upon information and belief, **ALLIED TRUST** is duly authorized to conduct insurance business in the State of Louisiana. Upon information and belief, **ALLIED TRUST,** at all material times, has conducted business within the State of Louisiana, including engaging in the business of selling insurance, investigating claims, and/or issuing policies that cover policyholders, property, or activities located in Louisiana. As such, for citizenship purposes, Defendant is a citizen of its state of incorporation, Texas.

## JURISDICTION AND VENUE

2.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332, as this is a controversy between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

Pursuant to 28 U.S.C. 1391 (b), venue is proper in the Eastern District of Louisiana, because the property that is subject of this action and where the damages were sustained occurred within the Eastern District of Louisiana.

**FACTUAL BACKGROUND**

3.

The homeowner's insurance policy issued by **ALLIED TRUST** insured the property of Plaintiffs located at 384 Longwood Drive, Destrehan, LA 70047, under Policy No. 903726, which was in full force and effect on August 29, 2021.

4.

Where used herein, **ALLIED TRUST** refers to not only the named entity but to anyone acting for or on behalf of **ALLIED TRUST** in relation to the claim of Plaintiffs, including the employees, contractors, adjusters, and agents of **ALLIED TRUST** or anyone providing services to **ALLIED TRUST** relating to the claims of Plaintiffs.

5.

Hurricane Ida struck the Gulf Coast, including Destrehan, Louisiana, on August 29, 2021, making landfall around 11:55 A.M. on August 29th near Port Fourchon, Louisiana, as a strong Category 4 hurricane. Hurricane and tropical storm force winds thrashed the surrounding areas, including the location of the insured property, for several hours.

6.

The above property was damaged as a result of winds associated with Hurricane Ida.

7.

On or about August 29, 2021, **ALLIED TRUST** was notified of the loss to the Plaintiffs' home located at 384 Longwood Drive, Destrehan, LA 70047.

8.

Shortly after the notification of the loss, Allied Trust scheduled an adjuster to come to inspect the damages to the home. Shockingly, that adjuster never showed up.

9.

Subsequently, Allied Trust scheduled another adjuster to inspect the home on or about September 1, 2021. Yet, the adjuster failed to inspect and estimate damages to the three bedrooms, two bathrooms, and other parts of the Adams home. Shockingly, this was after Plaintiff had their contractor walkthrough with the adjuster confirming damages to the house.

10.

Moreover, when Plaintiffs contacted Allied Trust regarding the damage to the home, **ALLIED TRUST** informed them that their policy did not provide ALE coverage.

11.

Additionally, although Allied Trust has made payments on the Plaintiffs' claim, all the payments made were untimely. To date, **ALLIED TRUST** has tendered a total of $291,202.26, of which no payment was tendered in a timely manner.

12.

**ALLIED TRUST** misrepresented the coverage afforded to my client by alleging Plaintiffs' policy did not afford ALE coverage when it clearly did and failed to pay any damages owed in a timely manner, which is a violation of La. R.S. § 22:1973.

13.

Further, Plaintiffs can substantiate their claim of mental anguish. In this case, not only do the Plaintiffs have a claim for mental anguish but their minor children do too. **R.A.** receives therapy because of the condition of the home and the length of time her home has been in disarray. Further, **C.A.** is severely disabled with Down Syndrome. The condition of the home has been a hindrance to Plaintiffs and their minor children.

14.

ALLIED TRUST received satisfactory proof of loss when it obtained its inspection on September 1, 2021. More than thirty (30) and sixty (60) days have lapsed since satisfactory proof of loss was provided.

15.

Moreover, on or about May 15, 2023, Plaintiffs made amicable demand on ALLIED TRUST to no avail.

## CLAIM FOR BREACH OF CONTRACT

16.

Plaintiffs adopt and re-allege each allegation contained in this Petition as if set out anew herein.

17.

ALLIED TRUST undeniably owes Plaintiffs the amount reflected in the satisfactory proofs of loss for covered losses to the dwelling under the above-designated policy and has failed to tender the amounts owed unconditionally.

18.

ALLIED TRUST is in breach of its obligations to Plaintiffs under the insurance policy by its failure to pay timely the amounts owed under the policy.

19.

In addition to amounts reflected in proofs of loss already received by ALLIED TRUST, Plaintiffs are entitled to recover for all amounts due under the policy that remain unpaid, including amounts needed to repair the dwelling and other structures, as well as damages to the contents of the home, debris removal, temporary repairs, and mitigation expenses, expenses incurred due to

the enforcement of any ordinance or law, expenses incurred for loss of use, and any other relevant

coverage, less any prior payments and any applicable deductible.

### CLAIMS FOR VIOLATIONS OF LA. R.S. § 22:1892 AND/OR §22:1973

20.

Plaintiffs adopt and re-allege each allegation contained in this Petition as if set out anew

herein.

21.

Louisiana Revised Statute § 22:1892 obligates an insurer, such as **ALLIED TRUST**, to

pay the amount due any insured within thirty (30) days after satisfactory proof of loss and states

that failure to make such payment subjects the insurer to a penalty, in addition to the amount of

the loss, of fifty percent damages on the amount due from the insurer to the insured, as well as

reasonable, attorney fees and costs.

22.

Louisiana Revised Statute § 22:1973 imposes on insurers in first-party claims a duty of

good faith and fair dealing, which includes an affirmative duty to adjust claims fairly and promptly

and to make reasonable efforts to settle claims with insureds. Section 1973 makes any

misrepresentation of pertinent facts a breach of that duty of good faith and fair dealing. Section

1973 also requires payment of any claim due an insured within sixty (60) days of proof of loss.

Any insurer who breaches the obligations imposed by Section 1973 is liable for damages sustained

as a result of the breach as well as a penalty of up to two-times the damages sustained.

23.

Louisiana law requires that an insurer unconditionally tender the amounts due to an insured

in order to satisfy its payment obligations under the above-referenced statutes.

24.

More than thirty and sixty days have elapsed since **ALLIED TRUST** first received satisfactory proof of loss of all of Plaintiffs' claims and **ALLIED TRUST** still has not made an unconditional tender of all amounts owed, thereby triggering the application of the penalties found in the above-referenced statutes.

25.

In addition to the amount of the loss owed, **ALLIED TRUST** is also liable to Plaintiffs for a penalty of 50% of the amount due from **ALLIED TRUST**, as well as reasonable attorney's fees and costs, based on **ALLIED TRUST's** failure to unconditionally tender the amounts owed to Plaintiffs within thirty (30) days after receipt of satisfactory proof of loss because **ALLIED TRUSTS's** failure to do so was arbitrary, capricious, or without probable cause.

26.

"Louisiana law also allows a plaintiff to recover for mental anguish suffered as a result of damage to property, but only in limited circumstances: (1) when property is damaged by an intentional or illegal act; (2) when property is damaged by acts for which the tortfeasor will be strictly or absolutely liable; (3) when property is damaged by acts constituting a continuing nuisance; or (4) when property is damaged when the owner is either present or nearby and suffered a psychic trauma as a direct result." *In re Air Crash Disaster Near New Orleans*, La. on July 9, 1982, 764 F.2d 1084, 1087 (5th Cir. 1985). In this case, Plaintiffs, individually, and on behalf of their minor children, are able to establish and substantiate their damages for mental anguish, which is the direct result of **ALLIED TRUST's** breaches of its duty of good faith and fair dealing.

27.

As a result of **ALLIED TRUST's** failure to timely pay the amounts owed, Plaintiffs have suffered and continue to suffer damages for which **ALLIED TRUST** is liable including but not limited to mental-anguish, aggravation, and inconvenience, for **ALLIED TRUST's** misrepresentations of pertinent facts concerning the amounts owed and extent of damage, its coverages, and its insurance policy provisions, as well as for failing to unconditionally tender the amounts owed to the Plaintiffs within sixty (60) days of receipt of satisfactory proof of loss, because that failure was arbitrary, capricious, or without probable cause.

28.

In addition to actual damages for its Violation of Louisiana Revised Statue § 22:1973, **ALLIED TRUST** is additionally liable to Plaintiffs for a penalty on top of the actual damages of up to two times the actual damages sustained or five thousand dollars, whichever is greater.

29.

**ALLIED TRUST** is and continues to be in violation of both Louisiana Revised Statute § 22:1892 and § 22:1973 and is liable unto Plaintiffs for damages, statutory penalties, attorneys' fees, interest and costs.

**WHEREFORE**, after due proceedings hereon, Plaintiffs, **DAVID ADAMS AND SHELLEY ADAMS**, individually and as the natural tutors of their minor children, **C.A.** and **R.A.,** pray for judgment in their favor against Defendant **ALLIED TRUST INSURANCE COMPANY** finding Defendant in breach of both the insurance policy and its statutory obligations and therefore liable unto Plaintiffs for all amounts due under the policy, as well as statutory penalties, damages, attorneys' fees, interest, and costs.

**PLAINTIFFS DEMAND TRIAL STRUCK BY JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted this 21st day of June 2023.

*s/ Mark G. Montiel, Jr.*

_____
MARK G. MONTIEL, JR. (#36122)
SHELBY S. TALLEY (#39050)
JACK F. GRIFFIN (#40382)
LAWSON NGUYEN (#40469)
LANDIS R. SILVA (#40642)
**MONTIEL HODGE, LLC**
400 Poydras Street, Suite 2325
New Orleans, Louisiana 70130
Telephone: (504) 323-5885
Facsimile: (504) 308-0511
mmontiel@montielhodge.com
stalley@montielhodge.com
jgriffin@montielhodge.com
lnguyen@montielhodge.com
lsilva@montielhodge.com
**Attorneys for the Plaintiffs**

**Service will be made on Defendant:**
**ALLIED TRUST INSURANCE COMPANY**
Through Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809